Miller, Administratrix, *et al. v.* Lilly.

---

No. 9982.

## MILLER, ADMINISTRATRIX, ET AL. *v.* LILLY.

PAYMENT.— *Judgment.*— *Satisfaction.*— *Consideration.*— *Special Finding.*—A. held a judgment against B., on which there was a balance due of $615. The parties then had a settlement, when it was agreed that upon the payment by B. to A. of the sum of $455, A. should enter satisfaction in full of the judgment. It was not found what, if any, matters, other than the judgment, were considered in the settlement.

*Held*, that a conclusion of law from the above facts, specially found, implying that the judgment was fully paid, was correct, and, therefore, B. was entitled to a decree of satisfaction.

From the Marion Circuit Court.

*H. J. Milligan,* for appellants.

*T. L. Sullivan* and *A. Q. Jones,* for appellee.

NIBLACK, J.—Suit by John O. D. Lilly against Mary E. Miller, administratrix of the estate of John P. Miller, deceased, and John T. Pressley, sheriff of Marion county, to have satisfaction entered, and to enjoin the collection of a judgment.

A temporary restraining order was first granted. Afterwards, upon the trial of the cause, the court made a special finding of the facts, which may be briefly stated as follows:

That on the 30th day of December, 1870, one William Miller obtained a judgment in the Marion Circuit Court against the plaintiff, John O. D. Lilly, for $1,040.57, with relief from valuation laws, and with interest at the rate of six per centum per annum; that on the 22d day of April, 1871, the plaintiff paid to the said William Miller the sum of $100 on that judgment; that, on the 20th day of March, 1872, the plaintiff, by virtue of a promissory note, executed by him to the said William Miller for the sum of $500, payable six months after that date, without relief from valuation laws, and drawing ten per cent. interest per annum, paid on said judgment the further sum of $500; and that said promissory note was paid at its maturity; that, on the 4th day of May, 1872, the said William Miller assigned said judgment to the said John P. Miller, since deceased; that, on the 7th day of May, 1872, the plaintiff and the said John P. Miller had a settlement, at which time it was agreed, that, in consideration of the payment to him by the plaintiff of the sum of $455, he, the said John P. Miller, would accept that amount in full satisfaction of the judgment, and enter satisfaction thereof on the proper record of such judgment; that afterwards, in pursuance of such agreement, the plaintiff gave the said John P. Miller a check for said sum of $455 on the bank of the Indiana Banking Company of the city of Indianapolis, upon which he, the said John P. Miller, received that sum of money from said

bank; that he, the said John P. Miller, failed to enter satisfaction of said judgment as he had agreed to do, assigning as a reason for such failure that he was waiting until the $500 note above named, which was not then yet due, should be paid; that when the plaintiff ascertained that the judgment had not been entered satisfied, he wrote to the said John P. Miller, reminding him of his failure to enter such satisfaction, and that he, the said Miller, thereupon again agreed to have the matter of the entry of satisfaction attended to, but was soon thereafter taken sick, and died without having given the matter of such entry of satisfaction any further attention; that the defendant Mary E. Miller was the administratrix of the estate of the said John P. Miller, and had caused an execution to be issued on said judgment, and to be placed in the hands of her co-defendant John T. Pressley, as sheriff of the said county of Marion; that such execution was then in the hands of the said Pressley, as such sheriff, or his successor in office, and would have been levied upon the property of the plaintiff if the restraining order granted herein had not been made.

Upon these facts the court announced its conclusions of law as follows:

1. That the plaintiff was entitled to have the temporary injunction heretofore granted in this action made perpetual.

2. That the plaintiff was also entitled to have the judgment rendered against him, as herein above set forth, declared satisfied.

3. That the plaintiff was also further entitled to recover his costs from the defendant Mary E. Miller, to be paid out of the assets of the estate of the said John P. Miller.

Over exceptions reserved by the defendant, judgment was rendered in accordance with the conclusions of law announced as above.

The appellant contends with much earnestness that a proper application of the payments found to have been made by the appellee shows that a balance still remained due on the judgment of more than $60, and that, consequently, the accept-

ance by the decedent, John P. Miller, of the last payment, being an amount less than was actually due, did not either operate as a satisfaction of the judgment or constitute a valid consideration to support his agreement to have it entered as satisfied; that, for that reason, the court erred in its application of the law to the facts as found by it.

The appellee concedes the general rule to be that an agreement by a creditor to accept a less sum than is actually and plainly due, in full discharge of his debt, is not binding upon him for want of a consideration to uphold such an agreement, but maintains that this general rule has no practical application to the case at bar, for the reason that the fair inference from the facts found by the court is that, upon a settlement of the mutual dealings and business transactions between the appellant's decedent and the appellee, there only remained due upon the judgment the sum of $455, and that, consequently, the judgment was in fact fully paid by the acceptance of that sum by the decedent.

We are of the opinion that the inference thus insisted upon by the appellee is fairly sustained by the finding of the court, and that the court did not err in coming to the conclusion that the judgment had been fully paid in the lifetime of the decedent.

The finding of facts did not state what matters were taken into consideration in the settlement referred to, when it was agreed that $455 should be accepted in full satisfaction of the judgment.

A settlement of unadjusted matters between parties implies a valid consideration for any legitimate promise based upon it, and a balance agreed upon and paid, and constituting all that was demanded upon a particular indebtedness, as the result of such a settlement, ought to be regarded as having been in full discharge of the indebtedness upon which the payment was made.

We see no error in the proceedings below. The judgment is affirmed, with costs.

Petition for a rehearing overruled.